# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CURTIS JEROME DOUGLAS,<br>　　　　Appellant, | DOCKET NUMBER<br>DC-0752-18-0724-I-1 |
| 　　　v. | |
| DEPARTMENT OF THE TREASURY,<br>　　　　Agency. | DATE: March 27, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Curtis Jerome Douglas, Bowie, Maryland, pro se.

Alexander Donart and Adrienne Francoise Boone, Washington, D.C., for the agency.

Cynthia Clark, Vienna, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

　　　The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On August 6, 2018, the appellant filed a Board appeal challenging his removal for failure to maintain a security clearance. Initial Appeal File (IAF), Tab 1 at 4, Tab 2 at 1. After filing his initial appeal, however, he did not participate in most of the proceedings or respond to any of the administrative judge's orders. In particular, he failed to timely appear for a status conference on September 24, 2018, but called into the conference after the administrative judge was able to reach him on his mobile telephone. IAF, Tab 15 at 1. During the conference, the administrative judge warned the appellant that he must regularly check his emails for any filings from the Board, and she reviewed the requirements of her previously issued hearing order, including the requirement to file prehearing submissions. *Id*. The appellant stated that he understood these instructions. *Id*.

The appellant did not appear for the prehearing conference, despite the administrative judge calling him on his business, home, and mobile telephones and leaving a voicemail for him. IAF, Tab 20 at 1. He also did not submit his

prehearing submissions. *Id.* at 1. The administrative judge issued an order to the appellant to show cause why his appeal should not be dismissed for failure to prosecute. *Id.* at 2. She warned him that failure to reply to her order would result in dismissal of his appeal. *Id.* at 2-3. The appellant did not respond to the order. IAF, Tab 21, Initial Decision (ID) at 2-3. The administrative judge thus found that the appellant had failed to exercise due diligence and dismissed the appeal with prejudice for failure to prosecute. ID at 1.

The appellant has timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded. PFR File, Tab 4.

### DISCUSSION OF ARGUMENTS ON REVIEW

The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when a party has failed to exercise basic due diligence in complying with Board orders or when a party has exhibited negligence or bad faith in his efforts to comply. *Leseman*, 122 M.S.P.R. 139, ¶ 6. Repeated failure to respond to multiple Board orders may reflect a failure to exercise basic due diligence. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011). Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman*, 122 M.S.P.R. 139, ¶ 6.

As noted above, the appellant did not timely appear for the scheduled status conference, failed to appear for the prehearing conference, failed to submit prehearing submissions, and failed to respond to the order to show cause. IAF, Tab 20 at 1-2; ID at 2-3. After his failure to timely appear for the status conference, the administrative judge warned him of the importance of complying with Board orders. IAF, Tab 20 at 1. In addition, following his continued failure to comply, she gave him an opportunity to show cause why his appeal should not be dismissed for failure to prosecute, but he did not respond. ID at 2-3. Given

the appellant's repeated failure to respond to the administrative judge's orders below, we decline to disturb her finding that the sanction of dismissal with prejudice was appropriate. *See Leseman*, 122 M.S.P.R. 139, ¶ 6.

The appellant, an e-filer, asserts on review that he received no email notices of orders except for the show cause order. PFR File, Tab 1 at 4. The Board's records reflect that notification emails were sent to the appellant's email address of record. Moreover, the appellant is registered as an e-filer, and, as such, he is deemed to have received the administrative judge's orders on the date of electronic submission. 5 C.F.R. § 1201.14(m)(2) (2018); IAF, Tab 1 at 2, Tab 13 at 5, Tab 14 at 2, Tab 15 at 3, Tab 20 at 4. Further, as an e-filer, the appellant was responsible for ensuring that email from @mspb.gov was not blocked by filters and for monitoring case activity at the Repository at the Board's electronic filing system (e-Appeal Online) to ensure that he received all case-related documents. 5 C.F.R. §§ 1201.14(j)(2)-(3) (2018); *see Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009) (discussing an e-filer's obligations). Therefore, even if the appellant did not receive email notifications of the administrative judge's orders as he claims, his failure to respond was attributable to his own lack of due diligence and provides no basis to disturb the initial decision.

As to the prehearing conference scheduled for October 16, 2018, for which the appellant failed to appear, he argues that he was unable to appear because he was taking his ill mother to her doctor's appointment. PFR File, Tab 1 at 4; IAF, Tab 13 at 4. As noted above, the appellant is deemed to have received the hearing order scheduling the prehearing conference, and the administrative judge reviewed the hearing order with the parties during the status conference on September 24, 2018. IAF, Tab 13 at 5, Tab 20 at 1-2. Moreover, the appellant does not dispute that the administrative judge called him on October 16, 2018, on his business, home, and mobile telephones during the prehearing conference and left a voicemail message for him. IAF, Tab 20 at 1. He fails to explain, however,

why he did not return the administrative judge's telephone calls. Thus, under the circumstances, we find that the appellant has not shown good cause for his failure to appear at the prehearing conference or submit prehearing submissions and that he failed to exercise due diligence and ordinary prudence in doing so

On review, the appellant also argues that he responded to the show cause order within the deadline and that he validated his submittal on e-Appeal Online. PFR File, Tab 1 at 3. His response was due on October 26, 2018, and he claims that he submitted his response on October 25, 2018. *Id.* Despite this claim, he does not provide proof of his submission. Further, the Board's records do not reflect that the appellant submitted a pleading on that date. Instead, they show that the appellant started a pleading on October 21, 2018, but that the pleading was not submitted. The appellant then deleted that draft pleading on November 2, 2018, and submitted his petition for review instead. Thus, he did not respond to the administrative judge's order to show cause why his appeal should not be dismissed for failure to prosecute.

Accordingly, we affirm the initial decision.[2]

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[2] The appellant also argues the merits of his appeal on review. PFR File, Tab 1 at 4-5. However, this argument is not determinative of the propriety of the dismissal for failure to prosecute. *Bennett v. Department of the Navy*, 1 M.S.P.R. 683, 688 (1980) (concluding that an appellant's argument regarding the merits of the underlying agency action was not determinative of the propriety of a dismissal for failure to prosecute).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision.    5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                         _____
                                       Gina K. Grippando
                                       Clerk of the Board

Washington, D.C.